# IN THE COURT OF APPEALS OF IOWA

No. 21-0288
Filed January 12, 2022

**JIMMY COCHRAN,**
　　　Plaintiff-Appellant,

**vs.**

**QUEST LINER, INC. and STANDARD FIRE INSURANCE COMPANY,**
　　　Defendants-Appellees.
_____

　　　Appeal from the Iowa District Court for Polk County, Heather Lauber, Judge.


　　　Jimmy Cochran appeals the workers' compensation commissioner's denial of penalty benefits against his former employer, Quest Liner, Inc. **AFFIRMED.**



　　　Gary B. Nelson of Rush & Nicholson, P.L.C., Cedar Rapids, for appellant.

　　　Edward J. Rose of Betty, Neuman & McMahon, P.L.C., Davenport, for appellees.



　　　Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**VAITHESWARAN, Judge.**

Jimmy Cochran injured his right hand while working for Quest Liner, Inc. as an over-the-road truck driver. Cochran filed a claim for workers' compensation benefits. Quest Liner stipulated the injury was "a cause of temporary disability during a period of recovery" but disputed Cochran's assertion that he was entitled to healing period benefits after an authorized physician placed him at maximum medical improvement.[1] Following an arbitration hearing, a deputy workers' compensation commissioner concluded Cochran was entitled to ongoing "healing period benefits from May 17, 2018"—thirty-one days after Quest Liner notified Cochran of the impending termination of benefits.[2] The deputy denied Cochran's request for penalty benefits for Quest Liner's failure to pay benefits from May 17, 2018, through July 31, 2018, the date of the arbitration hearing. The workers' compensation commissioner affirmed the decision. The commissioner concluded "it was reasonably debatable whether [Cochran] was entitled to receive weekly benefits from May 17, 2018, through the date of the arbitration hearing." The district court affirmed the agency decision.

---

[1] "Healing period benefits accrue from the first day following the injury or the occurrence of injury." *Clark v. Vicorp Rests., Inc.*, 696 N.W.2d 596, 604 (Iowa 2005) (citation omitted). Healing period

> benefits are payable until the employee has returned to work or it is medically indicated that significant improvement from the injury is not anticipated or until the employee is medically capable of returning to employment substantially similar to the employment in which the employee was engaged at the time of injury, whichever occurs first.

*Id.* (citing Iowa Code § 85.34(1) [(2018)]).

[2] *See Auxier v. Woodward State Hosp.–Sch.*, 266 N.W.2d 139, 142–43 (Iowa 1978) ("We hold, on the basis of fundamental fairness, due process demands that, prior to termination of workers compensation benefits, except where the claimant has demonstrated recovery by returning to work, he or she is entitled to a notice . . . .").

On appeal, Cochran challenges the commissioner's denial of penalty benefits. He contends:

> The [a]gency incorrectly concluded it was fairly debatable whether additional weekly benefits were owed between May 17, 2018, and July 31, 2018, even though the defendants failed to obtain an impairment rating or do any further investigation to determine if [he] was entitled to any additional weekly benefits after their authorized treating physician placed [him] at [maximum medical improvement]."

Cochran argues our review is for errors of law. *See* Iowa Code § 17A.19(10)(c) (2020); *Pettengill v. Am. Blue Ribbon Holdings, LLC*, 875 N.W.2d 740, 745 (Iowa Ct. App. 2015). Quest Liner argues for substantial evidence review. *See* Iowa Code § 17A.19(10)(f)(1); *Clark*, 696 N.W.2d at 604. We believe the issue raised here implicates the application-of-law-to-fact standard of review. *See P.D.S.I. v. Peterson*, 685 N.W.2d 627, 633 (Iowa 2004) (noting the "agency's application of the law to the facts" will be overturned "if we determine [the] application was irrational, illogical, or wholly unjustifiable" (citing Iowa Code § 17A.19(10)(m))); *Dubinovic v. Des Moines Public Schs.*, No. 18-1065, 2019 WL 2372903, at *2 (Iowa Ct. App. June 5, 2019) (reviewing penalty benefits under application-of-law-to-fact standard).

Iowa Code section 86.13(4)(a) (2018) authorizes an award of penalty benefits "[i]f a denial, a delay in payment, or a termination of benefits occurs without reasonable or probable cause or excuse known to the employer or insurance carrier at the time of the denial, delay in payment, or termination of benefits." The excuse must have been "preceded by a reasonable investigation and evaluation by the employer or insurance carrier into whether benefits were

owed to the employee." *See* Iowa Code § 86.13(4)(c)(1). The supreme court summed up the "reasonable excuse" provision as follows:

> A reasonable cause or excuse exists if either (1) the delay was necessary for the insurer to investigate the claim or (2) the employer had a reasonable basis to contest the employee's entitlement to benefits. A "reasonable basis" for denial of the claim exists if the claim is "fairly debatable."

*Christensen v. Snap-on Tools Corp.*, 554 N.W.2d 254, 260 (Iowa 1996).

Preliminarily, Cochran does "not claim[] and never has claimed a penalty for the termination of healing period benefits." He acknowledges no penalty could accrue for the termination of those benefits because Quest Liner sent him a thirty-day notice of termination as required by statute. *See* Iowa Code § 86.13(2) ("If commenced, the payments shall be terminated only when the employee has returned to work, or upon thirty days' notice stating the reason for the termination and advising the employee of the right to file a claim with the workers' compensation commissioner."); *Keystone Nursing Care Ctr. v. Craddock*, 705 N.W.2d 299, 309 (Iowa 2005) ("[W]hen an employer terminates benefits before the claimant returns to work, the employer's failure to give a thirty-day notice as required by section 86.13 may result in penalty benefits."). Instead, Cochran contends:

> [T]he penalty issue centers on [Quest Liner's] failure to explain why benefits were not paid during the disputed period of time [May 17, 2018-July 31, 2018] and why [the company] failed to obtain an impairment rating as part of [its] ongoing duty to investigate what, if any, permanency benefits [he] might be entitled to after the termination of the healing period.

In other words, he believes the commissioner should have awarded penalty benefits for Quest Liner's claimed delay in investigating his entitlement to permanent partial disability benefits.

Cochran relies on this court's opinion in *Davidson v. Bruce*, 594 N.W.2d 833, 838 (Iowa Ct. App. 1999). There, the employer "delay[ed] the start of the payments after it was notified of [the claimant's] maximum medical improvement, and again [] delay[ed] payment after receiving an impairment rating." *Davidson*, 594 N.W.2d at 838. The court stated, "assessment of a penalty is inappropriate until the employer has been informed that an employee has reached maximum medical improvement and then delays in seeking an impairment rating or commencing payment." *Id.* at 839. Cochran notes that Quest Liner learned he had reached maximum medical improvement in late March 2018 yet did not seek an impairment rating at any point after receiving that information.

Quest Liner responds that the *Davidson* holding is framed in the alternative—an employer must either seek an impairment rating or commence payment. Quest Liner maintains its continued payment of healing period benefits for 6.7 weeks after receiving notification of maximum medical improvement satisfied its obligation under *Davidson*. Quest Liner does not address Cochran's assertion that the company had an obligation to seek an impairment rating once those benefits were terminated on May 16, 2018.

Quest Liner would have had a duty to seek an impairment rating without delay following the physician's placement of Cochran at maximum medical improvement and termination of benefits. *See id.* But Cochran disputed the physician's finding of maximum medical improvement just eight days after

receiving the notice of termination and twenty-two days before Quest Liner terminated benefits. Although Cochran simultaneously asked the company to obtain an impairment rating, Quest Liner reasonably could have surmised that, if Cochran was challenging the authorized physician's maximum medical improvement opinion, his entitlement to permanent partial disability benefits was also in dispute. Cochran's disagreement with the maximum medical improvement opinion, then, afforded Quest Liner a reasonable basis to defer seeking an impairment rating and penalty benefits were not warranted. The commissioner's application of law to fact was not irrational, illogical, or wholly unjustifiable.

We affirm the denial of penalty benefits.

**AFFIRMED.**